FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 29, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAYLEEN N., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | No. 1:20-CV-03131-JTR <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 18. Attorney D. James Tree represents Kayleen N. (Plaintiff); Special Assistant United States Attorney Ryan Lu represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on May 22, 2017, alleging disability since March 5, 2017, due to concussion, anxiety, depression, PTSD, borderline personality disorder, and endometriosis. Tr. 308-09. The applications were denied initially and upon reconsideration. Tr. 358-61, 367-88. Administrative Law Judge (ALJ) M.J. Adams held a hearing on November 6, 2019, Tr. 271-305, and issued an unfavorable decision on November 29, 2019. Tr. 22-35. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on July 13, 2020. Tr. 1-5. The ALJ's November 2019 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on August 20, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1992 and was 24 years old as of her alleged onset date. Tr. 31. She has a high school education and has worked primarily in grocery stores. Tr. 274, 301, 472-73. She has struggled with mental health issues for many years, which she attributed to her long history of trauma. Tr. 798. On March 5, 2017, she suffered a concussion when she hit her head on a steal beam. Tr. 1351. Following that incident, she began reporting increased voices and hallucinations, which her treatment providers largely characterized as emotional reactions to her anxiety and other symptoms of borderline personality disorder. Tr. 547, 853-56, 1139, 2166, 2216, 2589. She has had multiple crisis contacts with her providers and ER visits for suicidal ideation. Tr. 148, 176, 1513-14, 1651-52, 1665, 2214, 2216, 2311, 2407, 2466.

## STANDARD OF REVIEW

The ALJ is responsible for determining the reliability of a claimant's allegations, resolving conflicts in medical testimony, and resolving ambiguities.

1 *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations
2 of law are reviewed *de novo*, with deference to a reasonable interpretation of the
3 applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The
4 decision of the ALJ may be reversed only if it is not supported by substantial
5 evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th
6 Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but
7 less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is
8 such relevant evidence as a reasonable mind might accept as adequate to support a
9 conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is
10 susceptible to more than one rational interpretation, the Court may not substitute its
11 judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner*
12 *of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence
13 supports the administrative findings, or if conflicting evidence supports a finding
14 of either disability or non-disability, the ALJ's determination is conclusive.
15 *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a
16 decision supported by substantial evidence will be set aside if the proper legal
17 standards were not applied in weighing the evidence and making the decision.
18 *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir.
19 1988).

## SEQUENTIAL EVALUATION PROCESS

21 The Commissioner has established a five-step sequential evaluation process
22 for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v.*
23 *Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant
24 bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d
25 at 1098-1099. This burden is met once a claimant establishes that a physical or
26 mental impairment prevents the claimant from engaging in past relevant work. 20
27 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ
28 proceeds to step five, and the burden shifts to the Commissioner to show (1) the

claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On November 29, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 22-35.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 24.

At step two, the ALJ determined Plaintiff had the following severe impairments: depression, anxiety, and borderline personality disorder. Tr. 25.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 25-26.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform work at all exertional levels, but that she had the following non-exertional limitations:

> can understand, remember, and carry out simple instructions; can exercise simple workplace judgments; can perform work that is learned on the job in less than 30 days by short demonstration and practice or repetition; can respond appropriately to supervision, but should not be required to work in close coordination with coworkers where teamwork is required; can deal with occasional changes in the work environment; and can do work that requires no interaction with the general public to perform the work tasks, but does not preclude working environment where public is present.

Tr. 26.

///

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a parcel clerk. Tr. 33.

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of janitor, cleaner II, and basket filler. Tr. 34.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 35.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) failing to incorporate into the RFC limitations included in opinions that were credited; (2) improperly weighing medical opinion evidence; and (3) improperly rejecting Plaintiff's symptom testimony.

## DISCUSSION

**1.     Medical opinion evidence**

Plaintiff contends the ALJ erred by failing to incorporate all of the limitations included in certain opinions that were credited, and by improperly weighing other medical opinion evidence. ECF No. 16 at 8-16.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including

those from treating medical sources. 20 C.F.R. § 404.1520c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520a(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c).

### a. Therapists Jana Neal and Jamie Walker

///

In 2011, treating therapist Jana Neal completed a form for DSHS commenting Plaintiff had various moderate limitations in work-related abilities, including communicating and performing effectively in a work setting with public contact and maintaining appropriate behavior in a work setting. Tr. 2790. She opined Plaintiff was capable of performing simple office work with little interruption or contact with the public. Tr. 2791.

In 2018, Plaintiff's medication provider, Jamie Walker, completed a medical source statement provided by Plaintiff's representative, in which she assessed moderate limitations in Plaintiff's ability to accept instructions and respond appropriately to criticism from supervisors and respond appropriately to changes in the work setting. Tr. 1173. She otherwise found Plaintiff had mild or no significant limits in work-related activities. Tr. 1172-75.

The ALJ found both of these opinions to be persuasive, noting they were well-supported by objective findings, clinical observations, and Plaintiff's daily activities, and were consistent with the record as a whole. Tr. 31. The ALJ found that the opinions appropriately reflected Plaintiff's occasional difficulty with complex tasks and social interactions but also reflected that she was capable of performing simple tasks and interacting appropriately with others when necessary. *Id.*

Plaintiff argues the ALJ erred by failing to incorporate limitations to account for Ms. Neal and Ms. Walker's opinions, despite finding them to be persuasive. ECF No. 16 at 8-10. She asserts the RFC does not account for the stated and implied limitations Plaintiff would have interacting with supervisors, and argues that the RFC limitation providing for learning a job through demonstration would necessitate working closely with supervisors and coworkers. *Id.* at 9. Defendant argues Ms. Neal's opinion only discusses difficulty with interacting in settings with public contact, which the ALJ accounted for, and that Ms. Walker's statement ///

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 7

included no more than moderate limitations, which the ALJ reasonably included in the RFC. ECF No. 18 at 5-9.

The Court finds the ALJ adequately accounted for Ms. Neal's opinion, but failed to sufficiently address the limitations opined by Ms. Walker. The form Ms. Walker completed defined a "moderate" limitation as "significant interference with basic work-related activities i.e., unable to perform the described mental activity for at least 20% of the workday up to 33% of the workday." Tr. 1172. It is not clear to the Court that the ALJ considered this definition in assessing the limitations included in the opinion, as the ALJ did not include any limitations on Plaintiff's ability to interact appropriately with supervisors, despite finding Ms. Walker's opinion to be persuasive. On remand, the ALJ will reconsider Ms. Walker's opinion, taking into account the definition of "moderate" included on the form.

### b. Consultative examiners R.A. Cline and David Mashburn

Plaintiff attended a consultative psychological exam for DSHS in 2017 with Dr. R.A. Cline. Tr. 798-802. Dr. Cline assessed diagnoses of unspecified psychotic disorder, borderline personality disorder, panic disorder, generalized anxiety disorder, and rule out schizoaffective disorder. Tr. 800. She opined Plaintiff had multiple mild and moderate impairments, and was markedly impaired in communicating and performing effectively in a work setting, maintaining appropriate behavior in a work setting, and completing a normal workday or work week without interruptions from psychologically based symptoms. Tr. 800-01. She stated Plaintiff's overall level of impairment was marked, and noted that introducing the added stressor of employment at that time was not advisable, though she noted Plaintiff "may be able to return to work at some point in the future (prognosis guarded)." Tr. 801.

In 2019 Plaintiff attended another psychological exam for DSHS, with Dr. David Mashburn. Tr. 2776-80. He diagnosed Plaintiff with PTSD and major depression with psychotic symptoms, noting rule out diagnoses of dissociative

disorder and borderline personality disorder. Tr. 2777. He found Plaintiff had mostly mild and moderate limitations, but was markedly limited in the same categories as Dr. Cline found, and additionally was markedly limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision. Tr. 2778.

The ALJ found these opinions unpersuasive, noting neither doctor reviewed any records, meaning they did not have full knowledge of the longitudinal record which was not consistent with someone who had marked limitations as indicated by the sources. Tr. 31. The ALJ thus concluded the opinions were based in large part on Plaintiff's self-reports, which were not entirely consistent with the evidence and were clearly exaggerated compared to information contained in the treating records. *Id.* Finally, the ALJ found the marked limitations were not consistent with the doctors' own observations and findings, rendering the opinions wholly unsupported and thus unpersuasive. Tr. 32.

Plaintiff argues the ALJ improperly ignored the abnormal findings in the record and improperly determined the opinions were based on Plaintiff's self-reports. ECF No. 16 at 14-15. Defendant argues the ALJ appropriately considered the factors of supportability and consistency, and reasonably found the opinions unsupported due to the sources' failure to review any records. ECF No. 18 at 9-10. Defendant asserts the ALJ reasonably found the consulting doctors did not have the longitudinal picture of Plaintiff's conditions, including her unremarkable exams, general stability, and marijuana use, and that the doctors issued internally inconsistent opinions given some of the normal findings on exam. *Id.* at 10-13.

The Court finds the ALJ's discussion is not supported by substantial evidence. The ALJ found Dr. Cline and Dr. Mashburn did not review any records and therefore did not have full knowledge of the longitudinal record. Tr. 31. The ALJ found Plaintiff's mental health symptoms were generally stable and her mental status exams were typically unremarkable, and that Plaintiff had remained

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 9

fairly active performing volunteer work and having regular social interactions with others, which all indicated she did not have marked limitations as indicated by the consultative examiners. *Id.* While an opinion's consistency with the record is one of the primary factors for an ALJ to consider in determining its persuasiveness, the ALJ's discussion is not supported by substantial evidence. While the ALJ was correct that the record did contain a number of normal or mostly normal mental status exams, the ALJ's conclusion that Plaintiff's mental health symptoms were generally stable is not supported. The treatment records reflect consistent disturbance of Plaintiff's mood and affect, reports of thoughts of self-harm and harm to others, evidence of difficulty controlling her emotions, and emergency room or crisis contacts throughout the relevant period. Tr. 566, 571, 582, 658, 834, 845, 854, 857, 876, 1136, 1142, 1150, 1159, 1513, 1651-52, 1665, 2007, 2012, 2023, 2035, 2070, 2141, 2198, 2216, 2404, 2466, 2471, 2494-95, 2588-89, 2663-64, 2703, 2718-19, 2747-48, 2764. While the record does include evidence of Plaintiff volunteering and socializing at the Horizons Clubhouse as an aspect of her treatment, it also contains evidence of Plaintiff having difficulty with self-regulation and maintaining appropriate behavior at the Club, to the point where she was asked to stop attending shortly before the hearing. Tr. 2045, 2049, 2051, 2092, 2155, 2489, 2508, 2511, 2521, 2527, 2586, 2680, 2686, 2691, 2699, 2703, 2715, 2734, 2739. The ALJ's conclusion that treatment records did not support the consultative examiners' reports is not supported by substantial evidence.

      The ALJ additionally found that, because Dr. Cline and Dr. Mashburn did not review any records, their diagnoses and assessments were based in large part on Plaintiff's self-report of her mental health history and symptoms, which the ALJ found were "clearly exaggerated" compared to information in the treating records, which contained no observations of psychotic symptoms. Tr. 31. If a medical opinion is based "to a large extent" on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may

discount the provider's opinion. *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir.2008). However, when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Dr. Cline and Dr. Mashburn each conducted a clinical interview and administered formal mental status testing. Tr. 798-802, 2776-80. There is no indication that their opinions were unduly based on Plaintiff's self-reports rather than their objective observations and professional judgment. Furthermore, while the ALJ is correct that the record does not contain observations of Plaintiff's reported psychotic symptoms (and indeed indicates that Plaintiff's insight into the nature of her condition is limited), Plaintiff's reports to the consultative examiners that she was experiencing hallucinations were not any different than her reports to her treating providers. Tr. 798-99, 854, 876, 1139, 1155, 2166, 2216, 2589, 2743, 2776.

To the extent the ALJ found the opinions to be undermined by Plaintiff's varying reports of her marijuana use, the Court finds this does not constitute substantial evidence. In May 2017 Plaintiff reported to Dr. Cline that she had not used marijuana in over two years. Tr. 799. The ALJ pointed to nothing in the record to contradict this, and all treatment records from the relevant period that mention marijuana are dated after this exam. Records in September 2017 indicate she had only recently started using marijuana. Tr. 1144. Dr. Mashburn's report does not mention marijuana one way or the other. Tr. 2777. The ALJ did not find substance use to be a severe impairment impacting Plaintiff's ability to work. Tr. 25. The Court therefore finds any discrepancies in Plaintiff's reports of her marijuana use to these providers to be immaterial to the persuasiveness of their opinions.

Finally, the ALJ found the opinions were not consistent with the doctors' own observations and findings. However, as noted above, both doctors administered mental status exams and clinical interviews. Both mental status

exams contained abnormal findings. Tr. 802, 2779-80. The ALJ's independent interpretation of the raw data from the exams is not sufficient evidence to undermine the expert opinions.

On remand the ALJ will reconsider the persuasiveness of Dr. Cline and Dr. Mashburn's opinions, taking into consideration the factors required by the regulations and considering the record as a whole.

### c. *Other treating providers*

Plaintiff further objects to the ALJ's assessment of the medical opinion evidence from Plaintiff's other treating providers. As this claim is being remanded for correction of other errors, the ALJ shall also reconsider the other opinion evidence in the file, making findings regarding the persuasiveness of each opinion.

### 2. **Plaintiff's subjective statements**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 16 at 17-21.

It is the province of the ALJ to make determinations regarding a claimant's allegations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

///

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 27. The ALJ found Plaintiff's allegations were not fully supported by the medical evidence of record regarding her physical problems or her generally unremarkable mental status exams, and further found that Plaintiff made inconsistent statements about her social activities and marijuana use and reported more symptoms to consultative examiners than she did in regular treatment. Tr. 27-29.

Given the errors discussed above and the fact that this claim is being remanded for further reconsideration of the medical opinion evidence, the ALJ shall also reassess Plaintiff's subjective complaints in light of the record as a whole.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits under the credit-as-true rule. ECF No. 16 at 2, 21. Under Ninth Circuit caselaw, the Court had the discretion to remand a case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The commentary accompanying the 2017 revisions to the rules for assessing medical opinions made clear that "it is never appropriate under our rules to 'credit-as-true' any medical opinion" and specifically mentioned that the Ninth Circuit rules were not being adopted in the new regulations. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, Fed Reg. Vol 82, No. 11 5858-60 (Jan 18, 2017). The Court therefore finds that remand for further proceedings is the appropriate remedy.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate the medical evidence and Plaintiff's subjective complaints,

making findings on each of the five steps of the sequential evaluation process and taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED July 29, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE